[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which dismissed appellant's post-conviction motion to withdraw plea and vacate or modify sentence.
In 1988, appellant was convicted of aggravated trafficking in violation of R.C. 2925.03(A)(2) and on January 5, 1989, he was sentenced to a term of one year incarceration. Appellant filed a motion to suspend balance of sentence on March 6, 1989, and the trial court granted the motion March 16, 1989, ordering that the balance of the sentence be suspended and the defendant/appellant probated for three years on specific conditions. On March 17, 1992, the trial court ordered the probation terminated, with all rights and privileges of citizenship restored. On October 21, 1996, appellant filed his post-conviction motion to withdraw plea and vacate or modify sentence. Appellee's motion to dismiss was granted and appellant filed a timely notice of appeal setting forth the following assignments of error:
 "I. THE COURT ERRED IN DENYING APPELLANT'S MOTION TO ADDRESS HIS CLAIM THAT THE GUILTY PLEA WAS NOT GIVEN KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY, AND THERE WAS NO FACTUAL BASIS TO SUPPORT THE PLEA.
 "II. THE COURT ERRED IN DENYING APPELLANT'S MOTION WITHOUT THE BENEFIT OF AN EVIDENTIARY HEARING TO ADDRESS HIS CLAIM THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN REGARDS TO ENTERING HIS GUILTY PLEA."
The motion filed by appellant is really a petition for post-conviction relief. See State v. Kinion (Sept. 30, 1997), Wood App. WD-97-025, unreported. Under R.C. 2953.21(A)(2), a post-conviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." If no appeal is taken, the petition shall be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." Persons who were convicted and sentenced before September 21, 1995 had one year from that date to file post-conviction relief petitions, i.e., all such petitions had to be filed before September 21, 1996. See Am.Sub.S.B. 4.
Because appellant's conviction occurred in 1988, and he did not file his petition for post-conviction relief until October 21, 1996, his petition for post-conviction relief is untimely. As to a petition which is untimely, R.C. 2953.23(A) provides that the trial court "may not entertain a petition filed after the expiration of the period prescribed in * * * [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief" unless both of the following conditions apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
Appellant's petition which was filed after the September 21, 1996 deadline, should have been dismissed unless it met the requirements of R.C. 2953.21(A)(1) and (2). While it is not clear whether the trial court denied appellant's petition for post-conviction relief on the merits or because it was filed untimely, the record reflects that appellant has failed to establish that either of the requirements set forth in R.C.2953.23 has been met.
Upon consideration, the court finds that, to the extent the trial court's judgment denying appellant's petition for post-conviction relief is on the merits, it is void. In any event, the dismissal was proper for want of jurisdiction.
Accordingly, appellant's assignments of error are moot and this appeal is hereby dismissed. Appellant is ordered to pay the court costs of this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.